UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ANDERSON and
REGINA ANDERSON, his wife,

     Plaintiffs,

vs.                                  CASE NO. 3:07-cv-895-J-33TEM

LOWE'S HOME CENTERS, INC.,
a corporation,

     Defendant.

_____

## O R D E R

     This case is before the Court on Defendant's Motion for Entry of Order (Doc. #8),

filed December 5, 2007, wherein Defendant requests the Court enter and agreed order of

protection. Defendant's counsel and Plaintiffs' counsel signed the proposed Agreed Order

of Protection.  The Court finds good cause for the entry of the proposed order submitted

with the motion, with modification as discussed below.

     A review of the pleadings in the file indicates:

     1.     This is a personal injury action alleging negligence, failure to warn and loss

of consortium.  The case was filed in federal court on the basis of diversity jurisdiction.

*See* Doc. #1, Complaint.

     2.     It will be necessary for the parties to make discovery and take depositions

involving confidential information, proprietary information and non-public technical

information and data, which may include trade secrets.  Public disclosure of such

information could harm one or both parties, or third parties.

3.      The parties' interest in an orderly and expeditious resolution of this matter on its merits would appear to outweigh any societal interest in disclosure of discovery materials that would be subject to the protective order.

4.      Therefore, entry of a protective order is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection.   *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

Although the proposed protective order is precisely drawn, the Court finds that paragraph 5 should be amended to reflect the procedure commonly used in this Court, and to stress that public interest and court policy both discourage the filing of large volumes of information under seal.   Leave of court must be obtained *before* confidential material may be filed under seal.   The parties should not interpret the amendment as expressing an expectation on the Court's part that confidential information will be submitted for filing *in camera;* rather, such filings are discouraged.   In the absence of a showing of clear necessity and a lack of viable alternatives, the parties should not expect the routine submission of materials for *in camera* filings to be approved.

Accordingly, it is hereby **ORDERED:**

1.      The Motion for Entry of Order (Doc. #8) is **GRANTED** as outlined below.

2.      The proposed protective order, identified as "Agreed Order of Protection," is incorporated herein as it pertains to confidential and non-public financial information, proprietary information and non-public technical information and data including trade

2

secrets, and entered as the Court's Order pursuant to Rule 26(c), Federal Rules of Civil Procedure.

3.  The referenced "Agreed Order of Protection" is hereby modified by deleting the original paragraph 5 and substituting the following:

5.    (a) Any party seeking to file confidential information in the case under seal, for whatever reason, must first obtain Court approval. The motion for leave of Court shall generally describe the confidential material and set forth the necessity for its receipt under seal. Only after the Court rules that such information may be received under seal may the confidential material be filed. The parties shall confer prior to filing a motion in an effort to minimize the number of requests for *in camera* filings.

(b) When the Court has approved a submission under seal, the material shall be filed with the Clerk in a sealed enclosure on which shall be affixed the style of the case, and a designation of the level of confidentiality if appropriate.

(c) If appropriate, any party may move the Court to take appropriate steps to ensure that the confidentiality of this information is preserved during a hearing or trial. In the event any confidential material is marked as an exhibit during the trial of this case, the party so marking shall move the Court to seal the confidential material at the conclusion of trial.

**DONE AND ORDERED** at Jacksonville, Florida, this _6ᵗʰ_ day of December, 2007.

*Thomas E. Morris*

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Counsel of Record
*Pro Se* Parties, if any

3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ANDERSON and                          CASE NO.: 3:07-CV-895-J-33TEM
REGINA ANDERSON, his wife,

          Plaintiffs,

vs.

LOWE'S HOME CENTERS, INC.,
a corporation,

          Defendant.

_____

## AGREED ORDER OF PROTECTION

It appearing to the Court that the Plaintiff and Defendant are in agreement that Lowe's Home

Centers, Inc. (hereinafter "the Defendant") possesses proprietary policies and procedures, that

include confidential information that may be subject to discovery in the proceedings in this matter

but which should not be made available to the public generally, This court hereby orders that:

    1.     All documents produced or information disclosed and any other documents or records

designated as "confidential" by the Defendants shall be revealed only to Plaintiff, counsel of record

in this case, paralegals and secretarial employees under counsel's direct supervision, and such

persons as are employed by counsel to act as experts in these actions. The information considered

as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without

limitation, all of the Defendant's policies and procedures, and/or any other information or

documentation supplied by the Defendants in response to Plaintiff's Interrogatories or Requests for

Production.

2.      Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in these actions. At the conclusion of the proceedings in these actions, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendants.

3.      Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4.      If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendants and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a)      Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

(b)      Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendants to conduct discovery of any of Plaintiff's experts,

2

except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5.      Any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, shall be filed in a sealed envelope appropriately marked as confidential and subject to protective order. The Clerks are directed to maintain such documents under seal, to be made available only to the Court and to counsel in this proceeding.

6.      This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

Entered this _6th_ day of _December_, 2007.

_Thomas E. Morris_
United States Magistrate Judge

APPROVED FOR ENTRY:

Carroll Cayer, Esq.

Dixon Bridgers, Esq.

3