**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES ANDERSON and
REGINA ANDERSON, his wife,

      Plaintiffs,

vs.                                                                    CASE NO. 3:07-cv-895-J-33TEM

LOWE'S HOME CENTERS, INC.,
a corporation,

      Defendant.

_____

**O R D E R**

This matter is before the Court on Plaintiffs' Motion for Reconsideration(Doc. #20),

filed June 2, 2008.  Plaintiffs request reconsideration of this Court's May 27, 2008 Order

(Doc. #18), which ruled on Defendant's Objection to Plaintiffs' Amended Notice of Taking

Deposition and Request for Designation and Motion for Protective Order (Doc. #16).

In Plaintiffs' Amended Notice of Taking Deposition and Request for Designation,

Plaintiffs requested Defendant's corporate designee provide information about "previous

incidents of Defendant's customers tripping over hoses in any of the Defendant's Garden

Centers in the past five years" (Doc. #16).  The Defendant objected to Plaintiffs' Amended

Notice of Taking Deposition and Request for Designation claiming Defendant would be

unduly burdened if required to comply with Plaintiffs' request.  On May 21, 2008, this Court

entered an order taking under advisement Defendant's Motion for Protective Order and *sua*

*sponte* shortened the response period to that motion to May 23, 2008, due to a pending

discovery deadline of May 30, 2008 (*see* Docs. #17, #21).

Plaintiffs' counsel did not file a timely response to Defendant's motion and Defendant's Motion for Protective Order was granted on May 27, 2008 (Doc. #18). Plaintiffs subsequently filed their Memorandum of Law in response to Defendant's Motion for Protective Order on May 30, 2008 (Doc. #19, Opposition). Upon the filing of Plaintiffs' Motion for Reconsideration, this Court entered an order taking under advisement that motion on June 4, 2008 and again shortened the response period (Doc. #21). Defendant filed its Objection to Plaintiffs' Motion for Reconsideration on June 10, 2008 (Doc. #24), along with an affidavit in support of its objection (Doc. #23).

Plaintiffs request this Court reconsider its May 27, 2008 Order limiting this area of discovery to disclosing prior trip and fall accidents involving hoses and water at the store location of the incident at issue (Doc. #18). Plaintiffs' counsel acknowledges a lack of oversight on his part in failing to respond timely to Defendant's motion and asks that Plaintiffs in this case not be penalized for counsel's failure (Doc. #20). Plaintiffs also assert the Defendant will not be prejudiced by this Court reconsidering its order and that Defendant failed to show any evidence of undue burden (Doc. #20).

This Court has recognized three grounds for granting reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice. *Reyher v. Equitable Life Assurance Soc'y of the U.S.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Here, Plaintiffs' counsel alleges the granting of Defendant's Motion for Protective Order was clearly erroneous and Plaintiffs will suffer an injustice resulting from the order (Doc. #20).

Upon review of Plaintiffs' Motion for Reconsideration, the Court has determined its May 27, 2008 Order was not clearly erroneous. The Court determined the requested information for the Rule 30(b)(6) deposition was overly broad and the production of the requested information would be unduly burdensome on the Defendant. It is common knowledge that the Defendant has a vast number of stores nationwide. Defendant filed an affidavit of a Claims Administrator in the Liability and Property Department stating that complying with the request would entail reviewing each trip and fall claim individually, requiring "multiple days, if not weeks, of research to go through each individual trip and fall claim file to determine if the same involved a garden hose" (Doc. #23).

Furthermore, review of Plaintiffs' Opposition (Doc. #19) to the Protective Order is not persuasive. Plaintiffs solely cite to state law for authority, with only one reference to even a Florida Supreme Court case. The case of *Allstate Insurance Co. v. Boecher* is inapposite to this instant matter. 733 So. 2d 993 (Fla. 1999). In *Boecher*, the court specifically did not decide whether, as Allstate contended, the discovery sought was unduly burdensome, rather the issue presented for the court's review and decision was whether a party is prohibited from obtaining discovery from the opposing party regarding the extent of that party's relationship with an expert. 733 So. 2d at 994.

Matters of discovery and evidence are committed to the discretion of the district court. *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir.1993); *Lee v. Etowah County Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir.1992). Discovery orders will not be overturned "unless the district court has abused its discretion and such abuse has resulted in substantial harm to the party seeking relief." *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir.1991). Here, the Court does not agree Plaintiffs would be prejudiced as a result

of the limited scope of discovery.  Disclosures of prior trip and fall incidents involving hoses and water at the store location of the incident at issue is the discovery relevant to Plaintiffs' claims, which may lead to discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs' request is overly broad and the Court finds it will create an undue burden on Defendant to conduct the research necessary to obtain the requested information for testimony by a Rule 30(b)(6) witness.

Thus, upon due consideration it is hereby **ORDERED:**

Plaintiffs' Motion for Reconsideration (Doc. #20) is **DENIED**.  Plaintiffs' Memorandum of Law in Response to Defendant's Objection to Plaintiffs' Amended Notice of Taking Deposition and Request for Designation and Motion for Protective Order (Doc. #19), will, however, remain as filed in the record.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of June, 2008.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All Counsel of Record
Pro Se Parties, if any